UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARISE L. JACKSON,<br><br>Plaintiff,<br><br>-v-<br><br>MICHAELS STORES, INC. d/b/a MICHAELS STORE #9054,<br><br>Defendant. | 24-CV-00680 (JAV)<br><br>OPINION AND ORDER |

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Charise L. Jackson ("Plaintiff") asserts a claim for negligence under New York common law against Defendant Michaels Stores, Inc. ("Defendant") in connection with a slip-and-fall incident that occurred at Michaels Store #9054. ECF No. 1-2 ("Compl."), ¶¶ 17-36. Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 44, 47. Because there are disputed issues of material fact, both motions for summary judgment are **DENIED**.

## BACKGROUND

The following facts are undisputed unless otherwise noted. On October 27, 2022, Plaintiff and her stepdaughter, Tashanus Sefus ("Ms. Sefus"), entered a Michaels Store in Westchester County, New York (the "Store"). Compl., ¶ 3; ECF No. 45-4 ("Pl. Dep.") at 14:23–15:22. Plaintiff entered through the main entrance to the Store. ECF No. 47-2 (the "Video") at 0:03-0:08. The entrance consists of outer

doors, a vestibule, and then an inner door through which a patron can enter the store and then to step onto the sales floor. *See id.*

Plaintiff and Ms. Sefus headed toward a nearby aisle containing yarn. ECF No. 45-7 ("Pl. Aff."), ¶ 3; Pl. Dep. at 16:20-22. Upon reaching the yarn aisle, Ms. Sefus turned back toward Plaintiff. Pl. Aff., ¶ 3. Plaintiff took "perhaps 3 or 4 steps backwards" and tripped on a wooden pallet that was placed on the floor. *Id.*, ¶ 4; Pl. Dep. 16:24–17:4. A surveillance video from inside the Store captured Plaintiff's fall. Video at 0:26-0:28; *see* ECF No. 45-5 ("Russell-McDonald Dep.") at 20:12; Pl. Dep. at 21:17–22:2. According to the Video, Plaintiff's accident occurred just 27 seconds after she entered the Store. *See* Video at 0:00-0:27.

Plaintiff asserts that she did not notice the pallet before she tripped, as it "was out of [her] line of sight[,] . . . off to [her] right and down low on the floor." Pl. Aff., ¶ 4. Plaintiff claims that various equipment prevented her from seeing the pallet when she initially entered the Store. *Id.*

The store manager on duty at the time of the incident, Donna Russell-McDonald ("Ms. Russell-McDonald"), testified that a delivery driver had placed the pallet on the floor by the entrance approximately ten minutes before Plaintiff fell. Russell-McDonald Dep. at 16:5-6, 27:25–28:6. Ms. Russell-McDonald stated that the pallet was "supposed to go to the back [of the Store][,]" so she instructed two nearby store employees to remove it in order to avoid any slips or falls. *Id.* at 16:8-21. Ms. Russell-McDonald recalled, "I told the gentleman that was there . . . 'we got [to] hurry up and get this off the floor [] [b]ecause we do not want anyone to slip or

fall on this.'" *Id.* at 16:11-15. The pallet was not removed prior to Plaintiff's fall, however. *Id.* at 16:22-24.

## LEGAL STANDARD

A grant of summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law.' An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the burden of demonstrating the absence of a disputed question of material fact. *Anderson*, 477 U.S. at 256. The Court must view all facts "in the light most favorable" to the non-moving party and draw all inferences in their favor. *Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002) (citation omitted).

## DISCUSSION

Under New York law,[1] "[t]o establish a prima facie case of negligence . . . 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'" *Lerner v. Fleet Bank,*

---

[1] "A federal court sitting in diversity jurisdiction applies the choice of law rules of the forum state." *AEI Life LLC v. Lincoln Benefit Life Co.*, 892 F.3d 126, 132 (2d Cir. 2018) (cleaned up). Under New York law, "where the parties' briefs assume that a given state's law controls, 'such implied consent . . . is sufficient to establish choice of law.'" *Chartwell RX, LLC v. Inmar, Inc.*, 620 F. Supp. 3d 59, 71 (S.D.N.Y. 2022) (quoting *Chau v. Lewis*, 771 F.3d 118, 126 (2d Cir. 2014)). As the parties here agree that New York law governs, *see* Pl. Mem., ¶ 20; ECF No. 47 ("Def. Mem."), ¶ 8, the Court applies New York law.

*N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (citation omitted). Defendant does not contest that they had notice of the pallet's presence prior to Plaintiff's accident. ECF No. 53 at 1. Rather, the parties' dispute (1) whether Defendant owed Plaintiff a duty and (2) whether Plaintiff's conduct was the sole proximate cause of her injury. *See* ECF No. 45 ("Pl. Mem."), ¶¶ 26-29; Def. Mem., ¶ 15.

**A. Duty**

"Two duties are implicated in trip-and-fall premises liability cases . . . a landowner's specific 'duty to warn of [a] hazard,' and its general 'duty to maintain the premises in a reasonably safe condition.'" *Perez v. Dolgen Corp. of New York Inc.*, 721 F. Supp. 3d 206, 214 (S.D.N.Y. 2024) (quoting *Borley v. United States*, 22 F.4th 75, 82 (2d Cir. 2021)). Importantly, "the two duties are 'analytically distinct,' such that liability may be found for failure to maintain reasonably safe premises, 'even where the obviousness of the risk negates any duty to warn.'" *Id.* (quoting *Cohen v. Shopwell, Inc.*, 765 N.Y.S.2d 40, 42 (1st Dep't 2003)).

However, "a landowner has no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous." *Varon v. N.Y.C. Dep't of Educ.*, 998 N.Y.S.2d 433, 434 (2d Dep't 2014) (citation omitted). A condition that is both (1) open and obvious and (2) not inherently dangerous does not implicate a landowner's general duty of care, since such a condition cannot be "fairly attributed" to a landowner's negligence. *Perez*, 721 F. Supp. 3d at 215 (citing *Cupo v. Karfunkel,* 767 N.Y.S.2d 40, 43 (2d Dep't 2003)). Accordingly, to prevail at summary judgment, the landowner must demonstrate that the condition was *both* open and

obvious *and* not inherently dangerous. *See Borley*, 22 F.4th at 81. Whether a condition was open and obvious or inherently dangerous are generally questions of fact for the jury, unless there is clear and undisputed evidence that "compel[s]" resolution as a matter of law. *Id.*; *see also Tagle v. Jakob*, 763 N.E.2d 107, 110 (N.Y. 2001) (collecting New York cases).

### 1. Open and Obvious

Under New York law, "for a condition to be open and obvious as a matter of law, it must be one that could not be overlooked by any observer reasonably using his or her ordinary senses." *Garrido v. City of New York,* 779 N.Y.S.2d 208, 209 (1st Dep't 2004). An inquiry into the openness and obviousness of a hazard "cannot be divorced from the surrounding circumstances. A condition that is ordinarily apparent to a person making reasonable use of their senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted." *Mazzarelli v. 54 Plus Realty Corp.*, 864 N.Y.S.2d 554, 555 (2d Dep't 2008) (citation omitted).

There is competing evidence as to whether the pallet was so open and obvious that it could not have been overlooked by Plaintiff. Although both parties rely heavily on the Video, *see generally* Pl. Mem.; Def. Mem., the Video does not definitively establish whether or not the pallet was open and obvious to a customer in Plaintiff's position.

First, the Video only depicts the area immediately around the Store's entrance and has no audio. It therefore does not encompass any aisles, items for

purchase, or auditory conditions that could have distracted Plaintiff. The Video is also not shot from an angle that would replicate Plaintiff's precise line of sight upon entering the Store.

Second, the Video shows that several shopping baskets, a black box, and a trash can are visible in between the entrance and the pallet, *see* Video, rendering plausible Plaintiff's testimony that she could not see the pallet from the vestibule, Pl. Aff., ¶ 4. The pallet also appears low to the ground and in a corner, *see* Video, which supports Plaintiff's assertion that it was not in her direct line of sight, Pl. Aff., ¶ 4.

However, the Video also indicates that the equipment Plaintiff references, *see id.*, would not have obstructed her view of the pallet once she was inside the Store and turned right towards the shopping aisles. *See* Video at 0:08-0:10. This corroborates Ms. Russell-McDonald's attestation that the pallet was visible. Russell-McDonald Dep. at 26:20-23. Moreover, the pallet is a distinct color from the floor, and the lighting in the Store does not appear dim. *See* Video.

Thus, disputed issues of material fact preclude a grant of summary judgment to either party on this issue.

**2. Inherently Dangerous**

"[W]hether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case." *Russo v. Home Goods, Inc.*, 990 N.Y.S.2d 95, 97 (2d Dep't 2014). "In assessing inherent dangerousness, the Court may consider factors including the

inherent nature of the condition at issue, evidence of prior accidents . . . photographs depicting the condition, and expert testimony." *Chaney v. Starbucks Corp.*, 115 F. Supp. 3d 380, 386 (S.D.N.Y. 2015) (collecting New York cases). Courts may also consider the "reasonable expectations" that the parties or society generally would have in similar situations. *See id.* at 389 (collecting cases).

Plaintiff's testimony that the pallet was out of her line of sight, Pl. Aff., ¶ 4, combined with Ms. Russell-McDonald's admission that she ordered its removal because it was "not supposed to be" at the entrance, Russell-McDonald Dep. at 16:5-21, 18:9-10, suggest its placement violated the parties' reasonable expectations. The Video confirms that the pallet was placed at the Store's entrance rather than at a designated delivery unloading area in the back. *See* Video. However, the pallet was located next to the Store's inner doors in an area that does not appear crowded, rather than squarely in the shoppers' walkway. *See id.* Although Plaintiff and Ms. Russell-McDonald estimated that the yarn aisle was located just a few steps from Plaintiff's accident, Pl. Aff., ¶ 3; Russell-McDonald Dep. at 28:20-21, the Video does not establish how close the pallet was to highly trafficked or distracting areas of the Store, *see* Video. The Video also does not depict other customers having difficulties navigating or tripping over the pallet themselves. *See id.* The parties have not provided statements from other employees or customers present during the accident or expert testimony as to the general dangerousness of delivery pallets. Thus, disputed issues of material fact remain as to the pallet's inherent dangerousness.

*Borley*, 22 F. 4th at 81 ("Inherent danger is a highly fact-specific question, and hence usually one for the jury.").

* * *

A reasonable jury could draw differing conclusions as to whether Defendant owed Plaintiff a duty to warn or violated its general duty of care. Accordingly, neither Plaintiff nor Defendant is entitled to summary judgment on the issue of duty.

**B. Causation**

Defendant also moves for summary judgment on the ground that Plaintiff has not established a triable issue as to proximate cause. Def. Mem., ¶ 15. "Generally, an act proximately causes a certain event when the act is a 'substantial cause' of the event, or where the event is a 'normal or foreseeable consequence' of the act." *Allison v. Rite Aid Corp.*, 812 F. Supp. 2d 565, 568-69 (S.D.N.Y. 2011) (citations omitted) (collecting New York cases). Thus, to satisfy the proximate cause element of a tort claim, "a plaintiff must establish that the defendant's negligence was a substantial foreseeable factor in bringing about his or her injury." *Johnson v. Bryco Arms*, 304 F. Supp. 2d 383, 395 (E.D.N.Y. 2004).

"When a question of proximate cause involves an intervening act, liability turns upon whether the intervening act is a *normal or foreseeable consequence* of the situation created by the defendant's negligence." *Hain v. Jamison*, 28 N.Y.3d 524, 529 (2016) (cleaned up). "It is only where the intervening act is extraordinary under the circumstances, not foreseeable in the normal course of events, or

independent of or far removed from the defendant's conduct that it may possibly break the causal nexus" between a plaintiff's harm and a defendant's act, *id.* (cleaned up), so "as to make it unreasonable to hold [the defendant] responsible for the [plaintiff's] resulting damages," *Adami v. Wallace*, 892 N.Y.S.2d 214, 217 (3d Dep't 2009) (citation omitted).

"While a plaintiff's own conduct may be a superseding cause which severs the causal connection between a defendant's negligence and the injury, in order to be a superseding cause, a plaintiff's negligence must be more than mere contributory negligence, which would be relevant in apportioning culpable conduct." *Id.* (cleaned up). Accordingly, to establish that "the sole proximate cause of [P]laintiff's accident was her own reckless conduct," *Regan v. W Assocs., LLC*, 178 N.Y.S.3d 706, 706 (1st Dep't 2022), *aff'd in part, appeal dismissed in part*, 41 N.Y.3d 957 (2024), "the defendant bears the burden of showing not only that the plaintiff was negligent, but that such negligence was a cause of the accident," *Dooley v. United States*, 83 F.4th 156, 164 (2d Cir. 2023).

In general, "[p]roximate cause is a jury question." *Nowlin v. City of New York*, 81 N.Y.2d 81, 89 (1993). That said, "proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts." *Kalland v. Hungry Harbor Assocs., LLC*, 922 N.Y.S.2d 550, 551 (2d Dep't 2011). "Such cases may arise when the plaintiff's injuries are caused by independent intervening acts which *operate upon* but *do not flow from* the original negligence." *Hain*, 28 N.Y.3d at 530 (cleaned up). In determining whether an intervening act

has severed the causal link, the Court may consider factors such as foreseeability, the passage of time, and spatial gaps. *See id.* (collecting cases).

A reasonable jury could conclude based upon the record evidence that Plaintiff's act of taking a few steps backward was not so unforeseeable or reckless that it broke the causal chain between Defendant's placement of the pallet and Plaintiff's injury. Even assuming Plaintiff was inattentive in failing to look while she walked backward, this would not establish Plaintiff's conduct as the sole proximate cause of her injury as a matter of law. *See, e.g.*, *Skibinski v. Salvation Army,* 761 N.Y.S.2d 742, 743 (3d Dep't 2003) ("[P]laintiff's inattentiveness and failure to perceive the danger was not a superseding cause of the accident, although it is pertinent to the issue of comparative negligence.").

Accordingly, Defendant is not entitled to summary judgment on the issue of causation.

**CONCLUSION**

Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment are **DENIED**. The Clerk of Court is directed to terminate ECF Nos. 44 and 47. Within 30 days of this Opinion and Order, the parties shall submit a Joint Pretrial Order in accordance with the Court's Individual Rules and Practices in Civil Cases.

SO ORDERED.

Dated: July 30, 2026
New York, New York

Jeannette Vargas
JEANNETTE A. VARGAS
United States District Judge